AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GE WARRANTY MANAGEMENT, INC. and GE SERVICE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOD GUYS, INC., GOOD GUYS CALIFORNIA, INC., and COMPUSA INC. <br><br> Defendants. | No. 05 C 5763 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, GE Warranty Management, Inc. ("GE Warranty") and GE Service Management, Inc. ("GE Service"), filed suit in the United States District Court for the Northern District of Illinois against Defendants, Good Guys, Inc. ("Good Guys"), Good Guys California, Inc. ("Good Guys California"), and CompUSA Inc. ("CompUSA"), alleging breach of contract, fraud, negligent misrepresentation, and violations of the Uniform Deceptive Trade Practices Act and the Consumer Fraud Deceptive Business Practices Act. Presently pending before the Court is Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of Texas.

### BACKGROUND

On June 1, 2001, Plaintiffs and Good Guys entered into a Retail Dealer Agreement ("RDA"). Neither Good Guys California nor CompUSA executed the RDA; but Good Guys California is a wholly owned subsidiary of Good Guys, and CompUSA is a shareholder of Good Guys. The RDA was not performed in Illinois, but the RDA contains an Illinois choice-of-law and venue-selection clause.

On September 2, 2005, Good Guys filed suit against Plaintiffs and other entities in the 134th Judicial District Court of Dallas County, Texas, asserting claims for breach of contract, tortious interference with a contract, conspiracy to breach a contract, and conspiracy to tortiously interfere with a contract. Later that same day, Plaintiffs filed the present suit against Defendants.

Plaintiffs are Illinois corporations with their principal places of business in Kentucky. Defendants, Good Guys and CompUSA, are Delaware corporations with their principal places of business in Texas; and Defendant Good Guys California is a California corporation with its principal place of business in Texas.

## ANALYSIS

Defendants seek to have the present case transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

In general, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998) (*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (*Heller*).

Venue is proper in both the United States District Court for the Northern District of Illinois and the United States District Court for the Northern District of Texas. Both courts may exercise personal jurisdiction over the claims asserted.

2

In this case, in addition to weighing the convenience of the parties or witnesses and the interests of justice, the RDA's venue-selection clause is also considered. Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). A forum-selection clause, such as is presently before the Court, is a significant factor that figures centrally in the district court's decision. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (U.S. 1988) (*Stewart Org.*). However, even if the RDA is binding on all parties, it is balanced among the remaining factors and will not necessarily defeat a motion to transfer venue because deference is given to the court. *See Stewart Org.*, 487 U.S. at 30.

The venue-selection clause selects Illinois as the required venue for any disputes between Good Guys, GE Warranty and GE Service, as follows:

> This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Illinois. Any dispute which cannot be resolved amicably and which proceeds to litigation shall be tried before a judge in the state or federal courts of the State of Illinois.

The clause is binding on Good Guys, as it signed the RDA. *See AAR Int'l v. Nimelias Enters*, 250 F.3d 510, 525 (7th Cir. 2001); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972).

The RDA was not signed by Good Guys California or CompUSA, and both deny they are parties to the RDA. Defendants contend that Illinois follows the rule that there is a strong presumption that parties to a contract do not intend the provisions of that contract to apply to third parties. Furthermore, Defendants claim that Plaintiffs cannot rely upon allegations of alter ego and/or agency to show that Good Guys California and/or CompUSA are parties to the RDA because such claims were not raised in Plaintiffs' Complaint. In their Complaint, however, Plaintiffs plead

3

that Good Guys California and CompUSA were parties to the RDA and, in their response to the Motion to Transfer Venue, assert theories of third-party beneficiary, corporate alter ego and agency in support thereof.

Good Guys California and CompUSA are alleged to be more than merely independent third parties, as they are a wholly owned subsidiary and the sole stock holder of Good Guys, respectively. Both Good Guys California and CompUSA have close relationships to Good Guys and allegedly profited from the RDA. Defendants have not shown that Good Guys California and CompUSA are far enough removed from Good Guys so as not to be subject to the terms of the RDA.

As the venue-selection clause is binding on Good Guys and is arguably binding on Good Guys California and CompUSA, it weighs against granting Defendants' motion.

When evaluating the relative convenience of the parties and witnesses, the court considers: (i) the plaintiff's initial forum choice, (ii) the convenience of the witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill. 1997) (*Georgouses*).

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice can vary, depending on the circumstances of each individual case. *Georgouses*, 963 F.Supp. at 730;

*Law Bulletin*, 992 F.Supp. at 1017. For example, where the plaintiff's choice of forum is not the situs of the material events, plaintiff's choice of forum is entitled less deference. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

Defendants are incorporated in Delaware. Plaintiffs' principal places of business are in Kentucky, while Defendants' principal places of business are in Texas. Furthermore, the situs of the material events – the alleged breach of contract, fraud, etc. revolving around the RDA – occurred in Kentucky, Texas and California, where the companies conduct most of their business. Since deference is granted to Plaintiffs' initial forum choice, this factor weighs in favor of denying Defendants' Motion to Transfer. However, because none of the parties reside in the Northern District of Illinois and the situs of the material events took place in states other than Illinois, deference to Plaintiffs' choice of forum is diminished.

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin*, 992 F.Supp. at 1018. However, the defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience in testifying in the challenged forum. *Law Bulletin*, 992 F.Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weighing the quality and nature of their proposed testimony. *Law Bulletin*, 992 F.Supp. at 1018. The defendant is obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller*, 883 F.2d at 1293. In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7th Cir. 1953) (*General Portland*). As a practical matter, it is usually assumed that witnesses within the control of the parties

will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (*Spherion*).

Three principal witnesses for the Defendants – Ron Unkefer, Ken Weller and Gary Lawrence – all live in the Dallas/Fort Worth metropolitan area; and a trial in Texas would be more convenient for these potential witnesses than one in Illinois. Plaintiffs' principal places of business are in Kentucky; Plaintiffs will have to travel somewhat significant distances whether the case is heard in Illinois or Texas, making their claim that Illinois is more convenient less convincing.

On the other side, Plaintiffs contend that there will be testimony regarding the RDA by non-party witnesses living in Illinois. Plaintiffs allege that Defendants plan to call at least 40 witnesses, only six of which are actually located in Texas. Neither venue has been shown to be the more convenient forum for the majority of the witnesses. Defendants have not met their burden of showing that the Northern District of Texas would be significantly more convenient. This factor weighs in favor of denying Defendants' motion.

Regarding the ease of access of other evidence, most evidence for this litigation is likely to be found in Texas, primarily at the Defendants' principal places of business. However, modern technology has now made it easier and less expensive to transfer information. Plaintiffs claim that non-party companies have retained documents in Illinois that will be central to proving Plaintiffs' claims. This factor is generally neutral on the issue of a transfer.

The analysis of the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90 F.Supp.2d at 961. This includes considering: (i) the relative familiarity of the courts with the applicable law, (ii) the relation

of the respective forums with the issue in the case, and (iii) the relative congestion of the court dockets. *Amoco*, 90 F.Supp.2d at 961; *Georgouses*, 963 F.Supp. at 730. Both the Northern District of Illinois and the Northern District of Texas are familiar with the substantive law. Accordingly, this factor weighs neither in favor of nor against a transfer.

Defendants concede that the congestion in the Northern District of Texas is similar to that in the Northern District of Illinois and that this factor is neutral.

On the whole, however, Defendants cannot carry their burden of showing that the Northern District of Texas is a substantially more convenient venue for this case than the Northern District of Illinois. While Defendants have shown that the Northern District of Texas may be a more convenient location for some witnesses and parties and may be the location of much of the evidence in the case, these factors do not provide sufficient reasons to disregard the venue-selection clause of the RDA. Therefore, Defendants have not met the burden necessary to grant a change of venue.

## CONCLUSION

Defendants' Motion for Change of Venue to the Northern District of Texas is denied.

Dated: March 29, 2006

JOHN W. DARRAH
United States District Court Judge